Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002610
09-JAN-2015
08:18 AM

NOS. CAAP-13-0002977, CAAP-13-0002610
and CAAP-14-0000556

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GERALD K. MOUNT, JR. and JANE R. MOUNT,
Plaintiffs/Counterclaim Defendants/Appellees,
v.
MARGARET APAO,
Defendant/Appellant,
and
DIRK APAO as Co-Personal Representative of the
ESTATE OF ROSE MARIE ALVARO, deceased,
Defendant/Counterclaim Plaintiff/Third-Party Plaintiff/Appellant,
and
SESHA LOVELACE, as Co-Personal Representative of the
ESTATE OF ROSE MARIE ALVARO, deceased,
Defendant/Cross-Claim Defendant/Appellee,
and
U.S. BANK NATIONAL ASSOCIATION, A NATIONAL ASSOCIATION AS TRUSTEE
FOR THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-
THROUGH CERTIFICATES 2005-SC1,
Third-Party Defendant/Cross-Claim Plaintiff/Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10,
PERSONS RESIDING WITH AND ANY PERSONS CLAIMING BY
AND THROUGH OUR UNDER THEM,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2005)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

This consolidated appeal[1] arises from an ejectment action that followed a non-judicial foreclosure. Defendant/Appellant Margaret Apao (**Margaret**), the sister of the decedent, Rose Marie Alvaro (**Alvaro**), and Defendant/Counterclaim Plaintiff/Third-Party Plaintiff/Appellant Dirk Apao (**Dirk**), Margaret's son and Co-Personal Representative of Alvaro's Estate (collectively, **the Apaos**), appeal from the following judgments and orders all filed in the Circuit Court of the First Circuit[2] (**circuit court**):

(1) the "Final Judgment" filed on March 13, 2014 (case no. CAAP-14-000556);

(2) the "Judgment" filed on July 29, 2013 (case no. CAAP-13-0002610);

(3) the "Order (1) Granting Plaintiffs/Counterclaim Defendants[/Appellees] Gerald K. Mount, Jr. and Jane R. Mount's [(collectively, **the Mounts**)] Motion for Summary Judgment [(**MSJ**)] as to Count II (Quiet Title) of Their Complaint Filed on September 7, 2011 [(**Complaint**)] Re: The Non-Judicial Foreclosure Sale Conducted on April 4, 2011 Pursuant to [Hawaii Revised Statutes (**HRS**)] § 667-5 [(Supp. 2008)], Filed March 28, 2013, and (2) Granting [Third Party Defendant/Cross-Claim Plaintiff/Appellee] U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-SC1's [(**U.S. Bank**)] Substantive Joinder in [the Mounts' MSJ] as to Count II (Quiet Title) of Their [Complaint] Re: The Non-Judicial Foreclosure Sale Conducted on April 4, 2011 Pursuant to HRS § 667-5, Filed March 28, 2013" filed July 26, 2013 (case no. CAAP-13-0002610);

---

[1]     Case nos. CAAP-13-0002610, CAAP-13-0002977, and CAAP-14-0000556 all stem from Civil No. 11-1-2005 and have been consolidated under CAAP-13-0002977 by this court's orders entered November 13, 2013 and November 18, 2014.

[2]     The Honorable Karen T. Nakasone presided.

(4) the "Order Granting [the Mounts' MSJ] as to Count I (Ejectment) of of Their Complaint Filed on September 7, 2011, Filed March 28, 2013" filed July 25, 2013 (CAAP-13-2610);

(5) the "Order Granting [the Mounts' MSJ] as to [Dirk Apao's] Counterclaim filed on October 11, 2011, Filed March 28, 2013" filed July 25, 2013 (case no. CAAP-13-0002610);

(6) the "Order Denying [the Apao's] (1) [MSJ] on [the Mounts' Complaint], and (2) For Partial Summary Judgment on Dirk Apao's Counterclaim and Third Party Complaint for Wrongful Foreclosure, Quiet Title, and Damages Filed on October 11, 2011, Filed April 1, 2013" filed July 25, 2013 (case no. CAAP-13-0002610);

(7) the "Order Denying [the Apao's] Request for Judicial Notice of Their August 22, 2011 Motion to Dismiss, Filed in the District Court of the First Circuit, Gerald Mount, et al. v. Margaret Apao, Civil No. 1RC11-1-6588, Filed on April 1, 2013" filed July 31, 2013 (case no. CAAP-13-0002610);

(8) the "Order Granting [U.S. Bank's] Motion for Partial Summary Judgment on Count I (Violation of the Probate Code) and Count IV (Defective and Fraudulent Transfer of the Mortgage) of the Third-Party Complaint, Filed on March 28, 2013" filed July 31, 2013 (case no. CAAP-13-0002610); and

(9) the "Writ of Possession" filed July 25, 2013 (case no. CAAP-13-0002977).

The Apaos raise five[3] points of error and assert that the circuit court erred in:

(1) granting summary judgment in favor of the Mounts and U.S. Bank on all claims, and in denying summary judgment to the Apaos on their Counterclaim and Third-Party Complaint (**Counterclaim and TPC**), because the non-judicial foreclosure was

---

[3]     The Apaos raise six points of error, but under Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7), the sixth point of error, that the circuit court abused its discretion in setting an outrageously high supersedeas bond, is deemed waived because the Apaos made no argument to support this point.

conducted in violation of HRS § 667-5 and Hawaii's Probate Code (**Probate Code**);

(2) entering the Writ of Possession without first entering a separate judgment, and its July 29, 2013 judgment violates the Hawai'i Supreme Court's Separate Judgment Rule;

(3) awarding attorneys' fees[4] to U.S. Bank because the Apaos did not have a contractual relationship with U.S. Bank, the mortgagee, and thus this case was not an action in the nature of assumpsit;

(4) awarding damages to the Mounts in the form of attorneys' fees and costs because this case was not an action in the nature of assumpsit; and

(5) awarding supplemental damages to the Mounts because the Mounts made no effort to mitigate their alleged damages.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that the Apaos' appeal is without merit.

**(1)  The circuit court did not err in granting summary judgment in favor of the Mounts and U.S Bank and against the Apaos.**

The Apaos argue that the circuit court erred in granting summary judgment in favor of the Mounts and U.S. Bank on all claims, and in denying summary judgment to the Apaos on their Counterclaim and TPC, because the non-judicial foreclosure sale violated the Probate Code and HRS § 667-5 and thus the Mounts were not entitled to ejectment[5] for lack of valid title. Specifically, the Apaos argue that the non-judicial foreclosure

---

[4]     The Apaos raised no argument to support their contention that the circuit court also erred in awarding costs to U.S. Bank, and therefore that aspect of this point of error is deemed waived pursuant to HRAP Rule 28(b)(7).

[5]     To maintain an ejectment action, a party must prove ownership and title to the property at issue. State by Price v. Magoon, 75 Haw. 164, 175, 858 P.2d 712, 718-19 (1993); see also Carter v. Kaikainahaole, 14 Haw. 515, 516 (Haw. Terr. 1902) (holding that an action of ejectment is the remedy at law for a "complainant who has the title to and right of possession of certain land and from whom possession is unlawfully withheld by another").

sale was invalid because: (1) U.S. Bank violated HRS § 560:3-803 (2006 Repl.) of the Probate Code by conducting the sale of the real property that is the subject of this appeal (**Property**) without first filing either a probate claim or a judicial foreclosure action; and (2) U.S. Bank violated HRS §§ 667-5(a)(2) and 667-5(c)(1) by denying the request of Alvaro's grand-niece, Defendant/Cross-Claim Defendant/Appellee Sesha Lovelace (**Lovelace**), for reinstatement information. The Apaos' arguments are without merit and therefore the Mounts were entitled to ejectment.

**a.  The non-judicial foreclosure sale did not violate the Probate Code.**

The Apaos argue that U.S. Bank violated HRS § 560:3-803 of the Probate Code by conducting the non-judicial foreclosure sale without first filing either a probate claim or a judicial foreclosure action because a non-judicial foreclosure sale is not an exempt proceeding under HRS § 560:3-803(d)(1). The Mounts and U.S. Bank argue that U.S. Bank did not violate HRS § 560:3-803 because a non-judicial foreclosure sale is an exempt proceeding under HRS § 560:3-803(d)(1).

HRS § 560:3-803 of the Probate Code provides, in pertinent part:

> **§560:3-803 Limitations on presentation of claims.**
>
> . . . .
>
> (c) All claims against a decedent's estate which arise at or after the death of the decedent . . . are barred against the estate, the personal representative, the decedent's trustee, and the heirs and devisees of the decedent, unless presented as follows:
>
> > (1)  A claim based on a contract with the personal representative or trustee, within four months after performance by the personal representative or trustee is due; or
> >
> > (2)  Any other claim, within the later of four months after it arises, or the time specified in subsection (a)(2).
> >
> > (d)  Nothing in this section affects or prevents:
> >
> > (1)  <u>Any proceeding to enforce any mortgage</u>, pledge, or other lien upon property of the estate[.]

(Emphasis added.)

The non-judicial foreclosure was an exempt proceeding under HRS § 560:3-803(d)(1) because it was a proceeding to enforce a mortgage. Therefore, the Apaos' argument that the Mounts' title is invalid because U.S. Bank held the non-judicial foreclosure sale without first filing either a probate claim or an action for judicial foreclosure is without merit.

> b. **The non-judicial foreclosure sale did not violate HRS § 667-5.**

The Apaos contend that the non-judicial foreclosure sale is void because U.S. Bank violated HRS §§ 667-5(a)(2) and 667-5(c)(1) by denying Lovelace's request for reinstatement information.

HRS § 667-5, provides, in pertinent part:

> **§667-5 Foreclosure under power of sale; notice; affidavit after sale; deficiency judgments.** (a) When a power of sale is contained in a mortgage, and where the mortgagee . . . desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee . . . shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State. The attorney shall:
>
> . . . .
>
> (2)  Give any notices and do all acts as are authorized or required by the power contained in the mortgage.
>
> . . . .
>
> (c) Upon the request of any person entitled to notice pursuant to this section and sections 667-5.5 and 667-6, the attorney, the mortgagee, successor, or person represented by the attorney shall disclose to the requestor the following information:
>
> (1)  The amount to cure the default, together with the estimated amount of the foreclosing mortgagee's attorneys' fees and costs, and all other fees and costs estimated to be incurred by the foreclosing mortgagee related to the default prior to the auction within five business days of the request[.]

(Emphases added.)

A foreclosure sale is void when conducted in violation of HRS § 667-5. See, e.g., Lee v. HSBC Bank USA, 121 Hawai'i 287, 296, 218 P.3d 775, 784 (2009) (holding that "an agreement created at a foreclosure sale conducted pursuant to HRS section 667-5 is void and unenforceable where the foreclosure sale is

6

invalid under the statute"); In re Kekauoha-Alisa, 674 F.3d 1083, 1089 (9th Cir. 2012) (holding that when a mortgagee violates the "requirements of HRS § 667-5, whether those violations are grievously prejudicial or merely technical," the subsequent foreclosure sale is void).

In the instant case, U.S. Bank, through American Home Mortgage Servicing (**AHMS**), provided Alvaro's Estate (**Estate**) with reinstatement information over the phone with Margaret on February 25, 2010, and by letters dated February 25, 2010 and April 19, 2010 and mailed to the Property where Margaret was residing, and also through two pay-off statements in February 2011, at least one of which Margaret received and shared with Dirk. The fact that Margaret received the information after resigning as co-personal representative (**Co-PR**) is irrelevant because Margaret misrepresented herself to AHMS as a Co-PR of the Estate and shared the reinstatement information she received with Dirk. Also, U.S. Bank informed Lovelace that it would provide her with the reinstatement information she requested if she could provide U.S. Bank with the Estate's account number and a credible document showing that she was a Co-PR, but Lovelace did not provide U.S. Bank with either. U.S. Bank did not violate HRS § 667-5(a)(2) because it provided the Apaos with reinstatement information, and did not violate HRS § 667-5(c)(1) because Lovelace failed to establish that she was a "person entitled to notice" under HRS § 667-5. The circuit court did not err in granting summary judgment in favor of the Mounts and U.S. Bank on all claims, and in denying summary judgment to the Apaos on their Counterclaim and TPC. There was no genuine issue of material fact as to the validity of the Mounts' title or the fact that Margaret continued to reside on the Property after the Mounts purchased the home. The Mounts were entitled to ejectment.

**(2) The circuit court did not err in entering the Writ of Possession before issuing a final judgment.**

The Apaos argue that the circuit court erred in entering the Writ of Possession before entering a judgment, and that its July 29, 2013 Judgment is defective for lack of finality

7

and thus was entered in violation of Hawai'i's Separate Judgment Rule. The Apaos' argument is without merit because the entry of the Writ of Possession before the issuance of a final judgment is valid under the Forgay doctrine.

The July 29, 2013 Judgment does not satisfy the requirements for a standard appealable final judgment under HRS § 641-1(a) (Supp. 2008), Rule 58 of the Hawai'i Rules of Civil Procedure (**HRCP**), and Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994), because it expressly retains jurisdiction to determine damages and does not contain an express finding of no just reason for delay under HRCP Rule 54(b).[6] Regardless, however, the circuit court's entry of the Writ of Possession was not error because the writ was immediately appealable under the Forgay doctrine exception to the final judgment requirement.

The Forgay doctrine is based on the United States Supreme Court's holding in Forgay v. Conrad, 47 U.S. 201 (1848). The Supreme Court of Hawai'i has acknowledged the Forgay doctrine as "allow[ing] an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). Under the Forgay doctrine, the supreme court "ha[s] jurisdiction to consider appeals from judgments which require immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation." Id. (citations, internal quotation marks, and brackets omitted).

The portion of the July 29, 2013 Judgment that enters a judgment of possession as to Count 1 (ejectment) of the Mounts' Complaint satisfies both requirements of the Forgay doctrine

---

[6]     Under HRCP Rule 54(b), a court renders part of an otherwise non-final judgment appealable when it includes in the judgment "an express determination that there is no just reason for delay . . . for the entry of judgment" as to the claims resolved by the judgment. HRCP Rule 54(b).

because it requires immediate execution of a command that the Property be delivered to the Mounts and thus the Apaos would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation. Therefore, the circuit court did not err in entering the Writ of Possession without first issuing a final judgment, or violate the Separate Judgment Rule, because the portion of the July 29, 2013 Judgment that pertains to ejectment, and the corresponding Writ of Possession, are appealable under the Forgay doctrine.

Additionally, although it is unusual for a circuit court to enter a writ of possession before issuing its corresponding judgment, the Apaos have not established how this timing constitutes reversible error. Even if this timing was error, we hold that it was harmless.

**(3) The circuit court did not abuse its discretion in awarding U.S. Bank attorneys' fees under HRS § 607-14 (Supp. 2008).**

The Apaos contend that the circuit court abused its discretion in awarding attorneys' fees to U.S. Bank because Dirk's Counterclaim and TPC concerns wrongful foreclosure and thus is not an action in the nature of assumpsit under HRS § 607-14. The circuit court did not abuse its discretion in awarding U.S. Bank attorneys' fees because Dirk's Counterclaim and TPC is in the nature of assumpsit.

HRS § 607-14 provides, in pertinent part:

> **§607-14 Attorneys' fees in actions in the nature os assumpsit, etc.** In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable[.]

"Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (quoting Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001)).

9

"[I]n awarding attorneys' fees [under HRS § 607-14] in a case involving both assumpsit and non-assumpsit claims, a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." Blair, 96 Hawai'i at 332, 31 P.3d at 189. Such apportionment is not practicable when the non-assumpsit claims and assumpsit claims are "inextricably linked." Id. at 333, 31 P.3d at 190. If the non-assumpsit claims and assumpsit claims are inextricably linked, the court must determine the nature of the lawsuit. TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999). In other words, when both assumpsit and non-assumpsit claims are asserted, a court should determine whether the action depends primarily "upon duties created by agreement among the parties." See Kamalu v. Paren, Inc., 110 Hawai'i 269, 275, 132 P.3d 378, 384 (2006) (holding that an action was not in the nature of assumpsit in part because it did not depend upon duties created by an agreement between the parties).

Dirk's Counterclaim and TPC raised four counts: (1) "Violation of the Probate Code" (**Count I**); (2) "Violation of the Nonjudicial Foreclosure Statute" (**Count II**); (3) "Violation of the Mortgage" (**Count III**); and (4) "Defective and Fraudulent Transfer of the Mortgage" (**Count IV**). Count I alleges that U.S. Bank violated HRS § 560:3-803 of the Probate Code by conducting the non-judicial foreclosure sale without first filing either a probate claim or a judicial foreclosure action. Count II alleges that U.S. Bank violated HRS § 667-5(c)(1) by not providing the Estate with reinstatement information. Count III alleges that U.S. Bank breached terms of the mortgage on the Property (**Mortgage**) by not providing the Estate "with notice of the action required to cure the default." Count IV alleges that the assignment of the Mortgage to U.S. Bank was defective and thus U.S. Bank did not have the authority to foreclose on the Property. The Counterclaim and TPC prayed for a declaratory judgment that the non-judicial foreclosure was void, judgment quieting title to the Property in favor of the Apaos, damages

resulting from the wrongful foreclosure, costs, attorneys' fees, and other relief as deemed appropriate by the circuit court.

Dirk's Counterclaim and TPC consisted of an assumpsit claim and non-assumpsit claims; Counts I and II are based on alleged statutory violations, Count III is based on an alleged breach of contract, and Count IV appears to sound in tort. The damages alleged in the Counterclaim and TPC sound in both breach of contract and tort because "wrongful foreclosure" could relate to all counts. Based on "the substance of the entire pleading, the nature of the grievance, and the relief sought," S. Utsunomiya Enter. v. Moomuku Country Club, 76 Hawai'i 396, 400, 879 P.2d 501, 505 (1994), Counts I, II, and IV are "inextricably linked" to Count III for purposes of apportionment. Blair, 96 Hawai'i at 333, 31 P.3d at 190. Therefore, the circuit court did not abuse its discretion in awarding U.S. Bank attorneys' fees based on its finding that Dirk's Counterclaim and TPC was in the nature of assumpsit.

**(4) The circuit court's awards of damages and supplemental damages to the Mounts were not clearly erroneous.**

The Apaos argue that the circuit court's award of damages to the Mounts was erroneous because: (1) the Mounts failed to timely file a motion for attorneys' fees, (2) the dispute between the Apaos and the Mounts was not in the nature of assumpsit, and (3) the damages award was based in part on the amount paid by the Mounts to rent a different property. The Apaos also argue that the circuit court's award of damages to the Mounts was inequitable because "the Mounts incurred a windfall of over $2.3 million of the Apaos' equity" by purchasing the Property for $1.2 million when it had an alleged fair market value of $3,535,000. The Apaos further argue that the circuit court's award of supplemental damages to the Mounts was in error because the Mounts failed to mitigate damages by concealing the Writ of Possession, conducting a surprise eviction, and harassing, terrorizing, and forcibly removing the Apaos from the Property.

The Apaos' arguments are without merit. At a September 16, 2013 hearing, the circuit court explained that the Apaos' motion for attorneys' fees was timely; determined "that sufficient proof has been adduced to award the Mounts' damages based on their deprivation of possession of the property under Count I, ejectment"; and concluded that attorneys' fees under HRS § 607-14 was appropriate because Dirk's Counterclaim and TPC against the Mounts was in the nature of assumpsit.

For the reasons set forth supra, Dirk's Counterclaim and TPC was in the nature of assumpsit. Therefore, we hold that the circuit court did not err in awarding the Mounts attorneys' fees under HRS § 607-14 because the Mounts incurred attorneys' fees while defending themselves against Dirk's Counterclaim and TPC.

With regard to the timeliness of the Mounts' motion for attorneys' fees, the circuit court explained:

> THE COURT: Attorney's fees and costs was subsumed within their motion for award of damages, and that was filed within the 14 days after the July 29th judgment; right?
>
> MR. ARENSMEYER: But their attorney's fees and costs was as a basis for damages under their ejectment claim. If you go back and look at the original motion and what the Court had set the hearing for, it was a hearing on damages under the ejectment claim, that's all that remained at issue. They did not file a motion under 607-14 pursuant to the counterclaim or any of the other claims in the case. And the Court simply doesn't have jurisdiction at this time to make such an award.
>
> THE COURT: They filed it based on 606 – wait, 667-33 and you guys both argued that. And at the last hearing I said -- I said 667-33 will not be applied by this court. But the court then indicated, I said 607-14 appeared to be applicable. So then you folks were both committed to brief that. So I disagree with your contention that its late.

The Apaos have failed to cite anywhere in the record or any authority to discredit the circuit court's reasoning and thus we decline to find the circuit court's conclusion that the motion was timely to be error.

With regard to damages based on deprivation of possession, the circuit court and counsel for the parties (Mr. Chapman for the Mounts and Mr. Arensmeyer for the Apaos) engaged in the following discussion:

12

[THE COURT:]  It is this Court's determination that sufficient proof has been adduced to award the Mounts damages based on their deprivation of possession of the property under Count 1, ejectment.  Per the declaration submitted by the plaintiffs and the supporting exhibits, the Mounts have incurred significant expenses for the deprivation of the possession of the property from July 22, 2011, that's the date of the deed, to the present time, such expenses include property taxes, insurance, the water bill, rental expenses to rent alternate property.

.  .  .  .

Mr. Chapman, can I inquire as to -- based on the documentation presented, that was as of August 27, we're now in September and the declaration had indicated that the rent was currently $6500 per month. So the Court is contemplating adding the 6500 based on the one month after.  I mean, we're now in September, and the declaration is as of August 27th.

MR. CHAPMAN:  Yes, Your Honor, I think that would be a valid assumption that the rental is continued to date in the same amount as indicated in Mr. Mount's declaration.

THE COURT:  I think it was at least a rental agreement.

MR. CHAPMAN:  We also have some other incidental costs that have been incurred and will be incurred in the completion of the ejectment which we would like leave to supplement the record.

THE COURT:  Okay. I've granted leave as to that.

MR. CHAPMAN:  Thank you, Your Honor.

THE COURT:  You want to make a record.

MR. ARENSMEYER:  I wish to object for the record. There's simply no basis in the law whatsoever to base these damages on another property other than the subject [P]roperty.  To point to another property that's 6500 a month, what if they had rented a property that was 10,000 a month, or 20,000 a month? The Court needs to focus on the deprivation for use of this [P]roperty, not another property.

THE COURT: Okay, your objection is noted.

Although the Apaos argue that the circuit court erred in including in its damages calculations the amount paid by the Mounts to rent a different property while Margaret refused to vacate the Property, the Apaos fail to provide this court with binding or persuasive authority to support their argument, and we cannot find any instructive Hawai'i cases.  We therefore hold that the circuit court's decision to award damages for rent paid by the Mounts was not erroneous.

13

With regard to whether the circuit court's damages award was inequitable because the Mounts paid substantially less for the property at the non-judicial foreclosure sale than the alleged fair market value, this argument is without merit. It is not unusual for a parcel of real property to be sold at a price far less than its fair market value at a non-judicial foreclosure sale; this is a risk that the mortgagor takes when it enters into a mortgage that provides for the default remedy of non-judicial rather than judicial foreclosure.

Finally, the circuit court did not err in awarding supplemental damages to the Mounts based on the costs that they incurred to gain possession of the Property; such a basis is appropriate. And the Apaos' argument that the Mounts failed to mitigate their damages by concealing the Writ of Possession, conducting a surprise eviction, and harassing, terrorizing, and forcibly removing the Apaos from the Property is unsupported by the record.

Therefore,

IT IS HEREBY ORDERED that the following judgments and orders all filed in the Circuit Court of the First Circuit are affirmed:

(1) the "Final Judgment" filed March 13, 2014 (case no. CAAP-14-000556);

(2) the "Judgment" filed July 29, 2013 (case no. CAAP-13-0002610);

(3) the "Order (1) Granting Plaintiffs/Counterclaim Defendants Gerald K. Mount, Jr. and Jane R. Mount's Motion for Summary Judgment as to Count II (Quiet Title) of Their Complaint Filed on September 7, 2011 Re: The Non-Judicial Foreclosure Sale Conducted on April 4, 2011 Pursuant to § 667-5, Filed March 28, 2013, and (2) Granting U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-SC1's Substantive Joinder in Plaintiffs/Counterclaim Defendants Gerald K. Mount, Jr. and Jane R. Mount's Motion for Summary Judgment as to Count II (Quiet Title) of Their Complaint Filed on September 7, 2011 Re: The Non-

14

Judicial Foreclosure Sale Conducted on April 4, 2011 Pursuant to HRS § 667-5, Filed March 28, 2013" filed July 26, 2013 (case no. CAAP-13-0002610);

(4) the "Order Granting Plaintiffs/Counterclaim Defendants Gerald K. Mount, Jr. and Jane R. Mount's Motion for Summary Judgment as to Count I (Ejectment) of of Their Complaint Filed on September 7, 2011, Filed March 28, 2013" filed July 25, 2013 (CAAP-13-2610);

(5) the "Order Granting Plaintiffs/Counterclaim Defendants Gerald K. Mount, Jr. and Jane R. Mount's Motion for Summary Judgment as to Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dirk Apao, as Personal Representative of the Estate of Rose Marie Alvaro, deceased's Counterclaim filed on October 11, 2011, Filed March 28, 2013" filed July 25, 2013 (case no. CAAP-13-0002610);

(6) the "Order Denying Defendant Margaret Apao and Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dirk Apao, as Personal Representative of the Estate of Rose Marie Alvaro, deceased's (1) Motion for Summary Judgment on Plaintiffs' Complaint Filed on September 7, 2011, and (2) For Partial Summary Judgment on Dirk Apao's Counterclaim and Third Party Complaint for Wrongful Foreclosure, Quiet Title, and Damages Filed on October 11, 2011, Filed April 1, 2013" filed July 25, 2013 (case no. CAAP-13-0002610);

(7) the "Order Denying Defendant Margaret Apao and Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dirk Apao's Request for Judicial Notice of Their August 22, 2011 Motion to Dismiss, Filed in the District Court of the First Circuit, Gerald Mount, et al. v. Margaret Apao, Civil No. 1RC11-1-6588, Filed on April 1, 2013" filed July 31, 2013 (case no. CAAP-13-0002610);

(8) the "Order Granting Third-Party Defendant U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-SC1's Motion for Partial Summary Judgment on Count I (Violation of the Probate Code) and Count IV (Defective and Fraudulent

Transfer of the Mortgage) of the Third-Party Complaint, Filed on March 28, 2013" filed July 31, 2013 (case no. CAAP-13-0002610); and

(9) the "Writ of Possession" filed July 25, 2013 (case no. CAAP-13-0002977).

DATED:  Honolulu, Hawaiʻi, January 9, 2015.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
for Defendant/Appellant
Margaret Apao and
Defendant/Counterclaim
Plaintiff/Third-Party
Plaintiff/Appellant Dirk Apao
as Co-Personal Representative
of the Estate of Rose Marie
Alvaro, deceased.

Paul Alston
Pamela W. Bunn
J. Blaine Rogers
(Alston Hunt Floyd & Ing)
for Third-Party
Defendant/Cross-Claim
Plaintiff/Appellee U.S. Bank
National Association, a
National Association as
Trustee for the Structured
Asset Securities Corporation
Mortgage Pass-through
Certificates 2005-SC1.

Michael C. Bird
Summer H. Fergerstrom
(Watanabe Ing)
for Plaintiffs/Counterclaim
Defendants/Appellees Gerald K.
Mount, Jr. and Jane R. Mount.

Presiding Judge

Associate Judge

Associate Judge

16